IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| BARBARA MEHRTENS | § | PLAINTIFF |
| | § | |
| V. | § | Civil No. 1:10cv534-HSO-JMR |
| | § | |
| AMERICA'S THRIFT STORES, INC. | § | DEFENDANT |

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S MOTION TO REMAND**

BEFORE THE COURT is the Motion to Remand [4] filed by Plaintiff Barbara Mehrtens. Plaintiff's Motion seeks remand of this case to the County Court of Jackson County, Mississippi. Defendant America's Thrift Stores, Inc., has filed a Response [6] in opposition. The Court, having considered the pleadings on file, the briefs and arguments of the parties, and the relevant legal authorities, finds that Plaintiff's Motion to Remand should be denied.

I. FACTS AND PROCEDURAL HISTORY

Plaintiff filed suit on or about September 10, 2010, in the County Court of Jackson County, Mississippi, seeking damages for injuries allegedly sustained in a slip and fall at Defendant's store in Ocean Springs, Mississippi. Compl., at ¶3. Plaintiff asserts that she "slipped on wax build-up on the floor that the store or its agent had placed on the floor." *Id.* at ¶6. She seeks actual, compensatory, and punitive damages. Defendant removed the case to this Court on or about November 19, 2010. In its Notice of Removal, Defendant invokes this Court's diversity jurisdiction. Notice of Removal, at p. 2. Plaintiff now seeks remand to state court, contending that this Court lacks subject matter jurisdiction. Mot. to Remand, at p. 2.

## II.  DISCUSSION

A.  <u>Standard of Review</u>

28 U.S.C. § 1441 provides for the removal of civil actions brought in a state court of which the district courts have original jurisdiction.  28 U.S.C. § 1441.  28 U.S.C. § 1332 provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ."  28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over those matters specifically designated by the Constitution or Congress.  *Epps v. Bexar-Medina-Atascosa Counties Water Improvement Dist. No. 1*, 665 F.2d 594, 595 (5th Cir. 1982).  For this reason, removal statutes are subject to strict construction.  *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988).  Doubts about whether federal jurisdiction exists following removal must be resolved against a finding of jurisdiction.  *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy*, 855 F.2d at 1164).  The party seeking removal, Defendant in this case, bears the burden of establishing federal jurisdiction over the state court suit.  *Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005); *Willy*, 855 F.2d at 1164.

B.  <u>Diversity Jurisdiction</u>

The parties do not dispute that there was complete diversity of citizenship at the time this case was removed.  The question presented is whether the amount in

controversy requirement was satisfied.[1]  *See* 28 U.S.C. § 1332; Mot. to Remand, at p. 2; Resp. at pp. 1-2.  The Complaint is silent as to the amount of monetary damages claimed.  Plaintiff argues that the amount in controversy in this case is insufficient to confer diversity jurisdiction.  Mot. to Remand, at p. 3.  Defendant counters that the damages sought in the Complaint establish that the amount in controversy exceeds $75,000.00.  Resp., at pp. 1-2.

As the party invoking the Court's subject matter jurisdiction, Defendant must establish "the amount in controversy by a preponderance of the evidence." *Sun Life Assurance Co. of Canada (U.S.) v. Fairley*, 485 F. Supp. 2d 731, 734 (S.D. Miss. 2007) (citation omitted).  The Court looks to the claims made in Plaintiff's Complaint to determine whether the claims are "likely above $75,000 in sum or value." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

---

[1] Plaintiff also makes procedural arguments that Defendant improperly removed this action, because service of process had not been perfected on Defendant at the time of removal, and because Defendant failed to join in the removal.  Mot. to Remand, at p. 2.  She states that "Plaintiff's counsel has not received verification that service has been obtained on the Defendant as of this date."  *Id.*  Defendant responds that it was served with process at the time of removal.  Mem. Br. in Supp. of Resp., at p. 4.

There is only one Defendant in this case.  Thus, there was no reason for Defendant to "join" in the removal, as the unanimity requirement was satisfied by the one and only Defendant filing its Notice of Removal.  Defendant has submitted evidence that it received a copy of the Summons and attached Complaint sometime on or before November 12, 2010, when it sent a copy of the Summons via facsimile, presumably to its insurance carrier.  *See* Mem. Br. in Supp. of Resp., at p. 4; Facsimile dated Nov. 12, 2010, attached as Ex. "B" to Resp.  Defendant subsequently removed this action on or about November 19, 2010.  The Court finds that Plaintiff's procedural arguments do not support remand.  Moreover, even if not properly served with process, though it is "a little out of the ordinary," a defendant has a right to file a notice of removal pursuant to 28 U.S.C. § 1446(a) and (b) before it is served with process.  *Arthur v. Litton Loan Servicing, LP*, 249 F. Supp. 2d 924, 931 (E.D. Tenn. 2002); *see also Delgado v. Shell Oil Co.*, 231 F.3d 165, 177 (5th Cir. 2000) ("Generally, service of process is not an absolute prerequisite to removal.").

3

The Complaint states that Plaintiff should

> be awarded a judgment against the Defendant, for actual, compensatory and punitive damages in the amount that truth dictates and justice demands, and in an amount not to exceed the jurisdictional limits of [the County Court of Jackson County, Mississippi].

Compl., at p. 4.

As Defendant points out, the maximum amount recoverable in county courts in Mississippi, exclusive of interest and costs, is $200,000.00.  *See* Miss. Code § 9-9-21(1).

Plaintiff has not demanded a specific amount of monetary damages in an *ad damnum* clause.  Plaintiff maintains that she has placed a "specific limitation of $75,000 on all monetary awards."  Mot. to Remand, at p. 4.  Reviewing the record as a whole, the Court is of the opinion that Plaintiff has not made a clear demand for a specified amount of damages, nor has she clearly limited her damages to $75,000.00.

Where a plaintiff fails to allege a specific amount of damages in the complaint, the Fifth Circuit has prescribed the following procedure:

> the party invoking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount.  The district court must first examine the complaint to determine whether it is "facially apparent" that the claims exceed the jurisdictional amount.  If it is not thus apparent, the court may rely on "summary judgment-type" evidence to ascertain the amount in controversy.

*St. Paul Reinsurance Co. Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

4

In her Complaint, Plaintiff states that she suffered "grievous and permanent injuries, including an acute neck and lumbar strain and eccentric disc bulge to the left L3-4 and L4-5 of her lower back." Compl., at ¶ 7. She maintains that she has "suffered severe and permanent personal injuries including, but not limited to: great physical pain, past, present, and future; great mental and emotional suffering and anxiety, past, present and future; loss of income; medical expenses; severe fright and shock; and loss of enjoyment of life, past, present and future." *Id.* at ¶ 12. In addition, she seeks punitive damages. "It is well-settled that claims for punitive damages are included in calculating the amount in controversy." *Fairley*, 485 F. Supp. 2d at 735 (citations omitted).

Based on the foregoing, the Court is of the opinion that it is "facially apparent" from the Complaint that the claims probably exceed $75,000.00. *See Pollet v. Sears Roebuck & Co.*, 46 F. App'x 226, 2002 WL 1939917, *4 (5th Cir. 2002) (holding, in slip and fall case applying Louisiana law, that plaintiff's allegations of injury and damages in her complaint, by their nature and severity, made it facially apparent that amount in controversy at time of removal more likely than not exceeded $75,000.00); *see also Gebbia*, 233 F.3d at 883 (same). Plaintiff's allegations regarding her back injury on the face of the Complaint, by their nature and severity, as well as the anticipated future damages she claims, potentially support a large monetary basis for recovery, likely greater than $75,000.00.

In addition, the Complaint's reference to Mississippi Code § 9-9-21(1) as a jurisdictional bar does not support Plaintiff's argument that her damages are

5

limited to $75,000.00. Mississippi Code § 9-9-21(1), the jurisdictional statute for Mississippi county courts, does not bar claims above $75,000.00. Rather, the statutory language limits county courts' jurisdiction to $200,000.00. Thus, the Court concludes that the specific damages and injuries alleged in the Complaint probably exceed $75,000.00. *See Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 773 (5th Cir. 2003) (amount in controversy requirement is met if defendant establishes that "it is 'facially apparent' that the claims probably exceed $75,000"). In summary, Defendant has met its burden of demonstrating that the amount in controversy is satisfied in this case.

### III.  CONCLUSION

Because there exists complete diversity of citizenship and the amount in controversy exceeds $75,000.00, this Court has subject matter jurisdiction over this case. 28 U.S.C. § 1332. Plaintiff's Motion to Remand should be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED**, that Plaintiff's Motion to Remand [4] the above styled and numbered cause to state court should be and hereby is **DENIED**.

**SO ORDERED AND ADJUDGED,** this the 26th day of May, 2011.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE